THE STATE, on the Relation, &c. *v.* GRANT and Others.

THE STATE
v.
GRANT.

A congressional township cannot be the relator in a suit, brought on the bond of an ex-school-commissioner, for the commissioner's not paying over to his successor, or the township trustees, the school-funds of the township remaining in his hands at the expiration of his term of service; no demand having been made on him for the money while he was in office.

The successor of the ex-commissioner should, in such case, be the relator.

ERROR to the *Decatur* Circuit Court.

DEWEY, J.—The state, on the relation, &c., brought an action of debt against *Grant*, an ex-school-commissioner of *Decatur* county, and his sureties, on his official bond, conditioned for the faithful discharge of his duties, and for the delivery over to his successor of all moneys, papers, and books belonging to the office, which might be in his hands at the expiration of his term of service. The declaration shows that while *Grant* was in office, he received 600 dollars for interest on moneys belonging to congressional township No. 10 in *Decatur* county ; that he resigned and was succeeded by one *White*, who was in office at the commencement of the suit; that after the resignation of *Grant* and the appointment of *White*, the relators made their draft on the school-commissioner for the interest money in *Grant's* hands, which draft was duly recorded; that it was presented to *White*, who did not, and could not, pay it, because *Grant* had not paid over the money to him. The breach assigned is, that *Grant*, though often requested by his successor and by the relators to pay the money to one or the other of them, failed to do it, and still retained it in his hands. A general demurrer to the declaration was sustained, and final judgment rendered for the defendants.

The question raised by the demurrer is, whether a congressional township can be the relators, in an action against an ex-school-commissioner and his sureties on his official bond, for his failing to pay over to his successor, or to the township trustees, the school-funds belonging to such congressional township, remaining in his hands at the expiration of his term of service, no demand having been made of him while in office ?

We think that, under the proper construction of the statute

Nov. Term,
1843.

The State
v.
Grant.

bearing upon this subject, the answer must be in the negative.

The act of 1838 respecting congressional townships and schools therein, which governs this cause, provides that school-commissioners shall keep a separate account of the funds belonging to each congressional township within their respective jurisdictions, and of their transactions in relation to the same; that they shall make a calculation of the interest in their hands, which shall have accrued on the school-moneys, as well as on all other moneys liable to be drawn for school purposes, on the first Mondays of *March* and *September* annually, and shall pay over the same on the draft of the township trustees, which draft the trustees shall make, semi-annually, on the first Mondays of *March* and *September*, or within twelve days thereafter, and cause it to be recorded by their clerk in his book; and the commissioner, on paying such draft, shall file it as a voucher. R. S. 1838, pp. 511, 526. The statute also provides that suit may be brought on a commissioner's bond, in the name of the state, for the use of any congressional township, school-district, person or persons, injured by any breach of the same. R. S. 1838, p. 530.

The congressional township may, undoubtedly, under this last provision, be the relators in their corporate name in an action on the commissioner's bond, if they have sustained an injury by the breach of it. But they can have no claim upon him for interest money, unless he has failed to pay the written order of their trustees for it. No such failure is alleged against *Grant*. No draft was drawn on the school-commissioner while he was in office. And he cannot have committed a breach of his bond, since he left the office, by not paying money to the congressional townships. It would have been against his bond to have done so, for the condition is that he should pay all moneys in his hands, at the expiration of his term of service, to his successor. Besides, it would have been impossible for him to pay money to the trustees after he ceased to be commissioner, and comply with the law, for he could neither keep an official account of the payment, nor file away the order on which it was paid; he would have no access to the books or files of the office. Indeed, the payment itself would have been an official act,

which he had no more right to perform, than he had to re-
ceive moneys belonging to the school-fund. We do not
mean to say, that, had he been liable to a township while he
remained in office, he might not afterwards have made a
voluntary payment to the trustees, or been liable to a suit on
his bond for the use of the township. This is a doubtful
question, which we are not now called upon to settle. But
not having so been liable during his continuance in office, he
had no right to pay the money afterwards to the trustees.
There has, therefore, been no breach of his bond in failing to
pay money to the trustees.

A breach was, however, committed by the failure of the
ex-commissioner to pay over to his successor whatever
school-funds, from whatever source derived, remained in his
hands when he went out of office; and this breach may have
been, in its remote consequences, injurious to the township,
by causing delay in the reception of their money; and it
may have been, also, equally injurious to every school-district
in the county. But the immediate injury was to his succes-
sor, as the representative of the entire school-fund of his
jurisdiction. And the successor it is, who should be the rela-
tor in an action for a breach of the bond in not paying over
money to himself. He can collect the funds, and disburse
them to the subdivisions of the county, and keep an official
account of his transactions with the various townships as
required by the statute. But to suffer each township and
each school-district, which may have been consequentially
injured by that single breach of the bond, to institute a suit
as relators, would not only cause an interruption in the offi-
cial account of the school-funds, but it would also encourage
a great multiplicity of actions, when one may effect a com-
plete remedy. This is a result which Courts always prevent
if possible.

The demurrer to the declaration was correctly sustain-
ed. (1).

*Per Curiam.*—The judgment is affirmed at the costs of the
relators.

*G. H. Dunn*, for the plaintiff.

(1) *Vide* Acts of 1843, p. 84.